UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Marvin Curtis Johnson, | ) | |
| | ) | No. 2:08-CR-00139 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

This matter is before the court on petitioner Marvin Curtis Johnson's motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, respondent's motion to dismiss or, in the alternative, for summary judgment, and petitioner's motion for summary judgment. For the reasons set forth below, the court denies petitioner's § 2255 motion, grants respondent's motion for summary judgment, denies petitioner's motion for summary judgment, and denies a certificate of appealability.

## I. BACKGROUND

On February 13, 2008, a federal grand jury indicted petitioner on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The initial Presentence Investigation Report (PSR) classified petitioner as an Armed Career Criminal with three previous convictions for serious drug offenses. Petitioner pled guilty on July 28, 2008. There was no written plea agreement.

1

At the sentencing hearing on March 24, 2009, counsel for petitioner objected to petitioner's classification as an Armed Career Criminal, arguing that the maximum penalty for one of petitioner's requisite prior convictions did not equal or exceed ten years as required by 18 U.S.C. § 924(e)(2)(A)(ii). The court sustained the objection and petitioner's sentence was reduced from a mandatory minimum sentence of 180 months and maximum sentence of life imprisonment to a maximum sentence of 120 months. This court sentenced petitioner to a 120-month term of incarceration. In calculating petitioner's sentence for being a felon in possession of a fireman, the court applied the statutory penalty provision found at 18 U.S.C. § 924(a)(2). The court also applied a four-level enhancement for use or possession of a firearm in connection with another felony offense pursuant to U.S.S.G. § 2K2.1(b)(6). Judgment was entered on April 2, 2009. Petitioner did not directly appeal his conviction or sentence.

On January 29, 2010, petitioner, appearing pro se, filed a timely motion to vacate under 28 U.S.C. § 2255. Petitioner filed the instant § 2255 motion to vacate, set aside, or correct his federal sentence on August 17, 2010, after this court issued two orders granting petitioner extensions of time to file his petition. On September 16, 2010, respondent moved to dismiss the § 2255 motion and, in the alternative, for summary judgment, and included a supporting memorandum and attachments.[1] The court issued a Roseboro order,[2] which gave petitioner notice of his right to respond to

---

[1] As matter outside of the pleadings was presented that the court chooses not to exclude, the court treats respondent's motion as one for summary judgment. See Fed. R. Civ. P. 12(d). Additionally, the court finds that dismissal would have been appropriate under Federal Rule of Civil Procedure 12(b)(6), as petitioner has failed to set forth a plausible claim for relief. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
[2] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

respondent's motion and the consequences of failing to do so. Petitioner filed a response in opposition on November 12, 2010, asking the court to deny respondent's motion and grant his request for relief. Finally, on March 7, 2011, petitioner filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a).

Petitioner was arrested on June 15, 2007, when he arrived at a predetermined location arranged by federal agents and the Dorchester County Police Department to meet a confidential informant. Police discovered a 9mm pistol and two plastic baggies that appeared to contain methamphetamine. A subsequent laboratory analysis revealed that the bags did not contain a controlled substance. Petitioner led police on a high-speed chase reaching speeds in excess of 100 miles per hour before he was arrested.

## II. STANDARD OF REVIEW

### A. Pro Se Petitions

Petitioner is proceeding pro se in this case. Federal district courts are charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se complaints and petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

**B. § 2255 Motion to Vacate, Set Aside, or Correct a Sentence**

Petitioner proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). On a motion to vacate, set aside, or correct a sentence, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. King v. United States, No. 05-218, 2011 WL 3759730, at *2 (D.S.C. Aug. 24, 2011) (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)). In deciding a § 2255 motion, the court shall grant a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The court has reviewed the record in this case and has determined that a hearing is not necessary.

**C. Procedural Default**

Failure to raise certain issues on direct appeal renders them procedurally defaulted on review of a § 2255 motion.

> In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show <u>cause and actual prejudice</u> resulting from the errors of which he complains or he must demonstrate that a <u>miscarriage of justice</u> would result from the refusal of the court to entertain the collateral attack. The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. And, in order to demonstrate that a miscarriage of justice would result from the refusal

4

of the court to entertain the collateral attack, a movant must show <u>actual innocence by clear and convincing evidence</u>.

<u>United States v. Mikalajunas</u>, 186 F.3d 490, 492-93 (4th Cir. 1999) (emphasis added) (citations omitted).

### D. Summary Judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating the nonexistence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). When the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by "pointing out to the court that there is an absence of evidence to support the nonmoving party's case." <u>Id.</u> at 325. The nonmoving party must then "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Id.</u> at 322. Evidence should be viewed in the light most favorable to the nonmoving party and all inferences drawn in its favor. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). However, a mere "scintilla" of evidence will not preclude summary judgment. <u>Id.</u> at 252.

### **III. DISCUSSION**

A district court's resolution of a prisoner's § 2255 appeal proceeds in two steps: (1) "the district court must determine whether the prisoner has met his burden of showing that his sentence is unlawful on one of the specified grounds" listed in §

2255(a); and (2) "if the prisoner's sentence is found unlawful on one of these grounds, the district court should grant the prisoner an 'appropriate' remedy, which includes discharge, resentencing, or a new trial." United States v. Pettiford, 612 F.3d 270, 277 (4th Cir. 2010). "If the prisoner fails to show that his sentence is unlawful on one of the specified grounds under the threshold inquiry, however, 'the court must deny the petition.'" Id. (quoting United States v. Hadden, 475 F.3d 652, 661 (4th Cir. 2007)).

Construing his motions liberally, petitioner raises the following grounds for relief: (1) actual innocence; (2) ineffective assistance of counsel; (3) prosecutorial misconduct; (4) failure by respondent to show that petitioner used or possessed a firearm in connection with a crime of violence; (5) abuse of discretion in adding four offense levels for use or possession of a firearm in connection with another felony pursuant to U.S.S.G. § 2K2.1(b)(6); (6) abuse of discretion in attributing U.S.S.G. § 4B1.4(b)(3)(A) to the sentence; (7) abuse of discretion in enhancing the sentence under 18 U.S.C. §§ 924(a)(2) and (e); and (8) abuse of discretion in sentencing petitioner to a term of incarceration at the top of the guidelines range. The court addresses these claims in turn.

### A. Actual Innocence

First, petitioner alleges that "[t]here was not any . . . crime committed, neither was any violent crime committed," Pet'r's Mot. 4, and that he is "actually and constructivel[y] innocent of being as charged, pursuant to 18 U.S.C. Section 924," Pet'r's Mem. Supp. Mot. 1. Petitioner appears to believe that he was charged and

convicted of a crime of violence; however, petitioner was convicted under 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm, a non-violent crime. Petitioner pled guilty to the one-count indictment, did not raise this argument on direct appeal, and has not offered any clear and convincing evidence to support his claim of innocence. See Mikalajunas, 186 F.3d at 492-93. Therefore, the court grants summary judgment in favor of respondent.

### B. Ineffective Assistance of Counsel

Petitioner alleges that he "was not aware that [his] attorney did not or was not going to challenge" his conviction and sentencing. Pet'r's Mot. 10. The Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), announced a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. "To establish cause for [a] default based upon ineffective assistance of counsel, [petitioner] must show that [his] attorney['s] performance fell below an objective standard of reasonableness and that [he] suffered prejudice as a result." Mikalajunas, 186 F.3d at 493 (citing Strickland, 466 U.S. at 687). In addition, a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. Strickland, 466 U.S. at 689-90.

"An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." United States v. Witherspoon, 231 F.3d 923, 926 (4th

Cir. 2000). "This per se rule, however, does not apply unless defendant <u>requests</u> assistance of counsel-irrespective of the merits of the appeal." <u>Oliphant v. United States</u>, No. 08-70046, 2010 WL 3069491, at *1 (D.S.C. Aug. 3, 2010) (citing <u>United States v. Foster</u>, 68 F.3d 86, 88-89 (4th Cir. 1995)). Here, petitioner does not allege that he requested a direct appeal by his attorney; he only alleges that he was unaware that his attorney had not filed an appeal. In fact, at the plea hearing, petitioner stated that his attorney had performed a satisfactory job, and had done everything that was asked of him "and more." Plea Hearing, Dkt. No. 41, at 4. Given the strong presumption in favor of effective assistance, respondent is entitled to summary judgment on this claim.

### C. Prosecutorial Misconduct

Petitioner complains that the prosecutor in this case "wrongfully informed the judge of a crime that never had been committed." Pet'r's Mot. 7. Here, petitioner refers to his initial classification in the PSR as an Armed Career Criminal: "had petitioner['s] counsel not objected to the charging of a[n] Armed Career Criminal, the prosecutor would have stated to be facts that petitioner was in fact a[n] Armed Career Criminal, which in fact would have been prosecutorial misconduct." Pet'r's Resp. to Resp't's Mot. for Summ. J. 6. Petitioner's hypothetical allegations of what would have happened had the prosecutor charged petitioner as an Armed Career Criminal fail to raise a genuine issue of material fact regarding prosecutorial misconduct. At the sentencing, the prosecutor agreed with petitioner's counsel that one of the offenses required to classify petitioner as an Armed Career Criminal was

inapplicable. Sentencing Hearing, Dkt. No. 75, at 7-8. Petitioner was not harmed by his initial classification in the PSR as an Armed Career Criminal. Therefore, summary judgment is appropriate on this ground.

### D. Use or Possession of a Firearm in Connection with a Crime of Violence

Petitioner alleges next that respondent failed to show that he used or possessed a firearm in connection with a crime of violence. Petitioner, however, was not convicted of an offense requiring a connection to a crime of violence. Petitioner instead was convicted of the non-violent crime of being a felon in possession of a fireman under 18 U.S.C. § 922(g)(1), and was sentenced under the applicable penalty provision found at 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates [18 U.S.C. § 922(g)] shall be fined as provided in this title, imprisoned not more than ten years, or both."). Thus, respondent was not required to show a connection to a crime of violence, and the court grants summary judgment to respondent on this ground.

### E. Abuse of Discretion

Petitioner raises four further arguments regarding the trial court's sentencing determinations.

#### 1. U.S.S.G. § 2K2.1(b)(6)

Petitioner complains that this court erred in applying a four-level sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(6). Section 2K2.1(b)(6) adds four levels to a defendant's base offense level under the federal sentencing guidelines where a defendant "used or possessed any firearm or ammunition in connection with another felony offense." Petitioner specifically alleges that "[t]he government failed

9

to prove the connection with another felony." Pet'r's Mem. Supp. Mot. 8. "[A] weapon is used or possessed 'in connection with' another offense if the weapon 'facilitates or has a tendency to facilitate the [other] offense.'" United States v. Blount, 337 F.3d 404, 411 (4th Cir. 2003) (quoting United States v. Garnett, 243 F.3d 824, 828 (4th Cir. 2001)); see U.S.S.G. § 2K2.1 cmt. 14(A). "[I]t is clear that the possession of a firearm can facilitate a simple drug possession offense." United States v. Jenkins, 566 F.3d 160, 163 (4th Cir. 2009). "[W]hen 'a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia' the firearm necessarily 'has the potential of facilitating another felony offense' and thus Section 2K2.1(b)(6) applies." Id. (quoting U.S.S.G. § 2K2.1 cmt. 14(B)).

Here, petitioner pled guilty to being a felon in possession of a firearm, and the court found by a preponderance of the evidence that the PSR correctly included a § 2K2.1(b)(6) enhancement based on the presence of a firearm in connection with petitioner's attempted distribution of an imitation controlled substance, a felony offense in South Carolina.[3] Moreover, contrary to petitioner's belief, "another felony offense" required by § 2K2.1(b)(6) does not have to be a violent felony offense. Petitioner's challenge regarding the four-level enhancement is therefore procedurally barred. Petitioner has failed to show "cause and actual prejudice resulting from the errors of which he complains" or "that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack," Mikalajunas, 186 F.3d at 492-93, because this claim could have been raised on direct appeal, and petitioner has not

---

[3] South Carolina law prohibits the distribution or delivery of "a noncontrolled substance or an imitation controlled substance . . . with the expressed or implied representation that the substance is a narcotic or nonnarcotic controlled substance." S.C. Code Ann. § 44-53-390(a)(6). It is similarly unlawful to attempt or conspire to commit such an offense. See id. § 44-53-420(A).

established any of the specified § 2255(a) grounds rendering the sentence enhancement unlawful. Therefore, respondent is entitled to summary judgment on this ground.

### 2. U.S.S.G. § 4B1.4(b)(3)(A)

Petitioner alleges that "U.S.S.G. section 4B1.4(b)(3)(A) was attributed to [his] sentence." Pet'r's Mem. Supp. Mot. 2. This section of the federal sentencing guidelines is an enhancement provision for being an Armed Career Criminal and using or possessing a firearm in connection with a crime of violence or controlled substance offense. The court did not apply this provision in determining petitioner's sentence; therefore, summary judgment is appropriate on this ground.

### 3. Penalty Provisions

Petitioner asks the court to "[r]emove the 924(a)(2) and reduce his sentence to what it would have been without the increase of 924(a)(2)." Pet'r's Mot. 13. Similarly, petitioner complains that he "is in no way guilty of any other charge and the 924(e)(1) should not be used to enhance the petitioner with." Pet'r's Resp. to Resp't's Mot. for Summ. J. 8. Petitioner is mistaken on two grounds here. First, petitioner's sentence was not increased by 18 U.S.C. § 924(a)(2); this is a penalty provision applicable to petitioner's substantive offense under § 922(g)(1), which capped petitioner's term of incarceration at 120 months. Next, the court did not apply § 924(e)(1), a penalty provision applicable to Armed Career Criminals, when determining petitioner's sentence because the court found that petitioner was not an

Armed Career Criminal. Therefore, the court grants summary judgment for respondent.

### 4. Ordering Sentence at Top of Guidelines Range

Petitioner's final complaint is that the court abused its discretion "by giving [him] the high end of the sentence." Pet'r's Resp. to Resp't's Mot. for Summ. J. 9. Petitioner's guideline range was actually 130 to 162 months imprisonment, but became 120 months because of the 120-month cap mandated by 18 U.S.C. § 924(a)(2). Summary judgment for respondent is appropriate on this ground.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that respondent's motion for summary judgment is **GRANTED**, petitioner's motion to vacate, set aside, or correct his federal sentence is **DENIED**, and petitioner's motion for summary judgment is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED.**

                                                *[signature]*

                                                _____
                                                **DAVID C. NORTON**
                                                **CHIEF UNITED STATES DISTRICT JUDGE**

**September 28, 2011**
**Charleston, South Carolina**